UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| JOSEPH R. COPPOCK, ) | |
| ) | |
|   *Plaintiff*. ) | |
| ) | |
| v. ) | Case No. 4:06-cv-26 |
| ) | |
| DAIMLERCHRYSLER ) | Judge Mattice |
| CORPORATION, ) | |
| ) | |
|   *Defendant*. ) | |

## **MEMORANDUM AND ORDER**

In the instant case, Plaintiff seeks to recover for breach of manufacturer's warranty from Defendant. Plaintiff asserts causes of action under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and the Tennessee Motor Vehicle Warranty Act, Tenn. Code Ann. §§ 55-24-201 to 212. Before the Court is Defendant's Motion for Summary Judgment [Court Doc. No. 11-1] as to Plaintiff's claim under the Motor Vehicle Warranty Act.

Plaintiff has failed to respond, and the Court will deem Plaintiff to have waived opposition to Defendant's motion. E.D. TN. LR 7.2. In the context of a summary judgment motion, however, such a waiver of opposition does not automatically result in the Court granting the motion. Rather, pursuant to well-established precedent, the Court must examine the record and determine whether the movant has met its burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence

from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.     FACTS

The facts relevant to the instant motion are undisputed. On August 21, 2004, Plaintiff purchased a 2004 Chrysler Pacifica automobile. (Court Doc. No. 11-2, Def.'s Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J. ¶ 1.) After several warranty-authorized repairs, Plaintiff sold the vehicle on August 17, 2005. (*Id.* ¶¶ 2-3.) Plaintiff filed the instant action in the Circuit Court of Grundy County, Tennessee on March 28, 2006. (Court Doc. No. 1-2, Compl.) Thereafter, Defendant removed the action to this Court. (Court Doc. No. 1-1, Notice of Removal.)

## III.    ANALYSIS

Defendant seeks summary judgment on Plaintiff's claim under the Motor Vehicle Warranty Act, also referred to colloquially as Tennessee's "lemon law." The Act requires an automobile manufacturer to correct any nonconformity to the vehicle's express warranty which is reported by the consumer. Tenn. Code Ann. § 55-24-202. A consumer is defined as

> the purchaser (other than for purposes of resale) or the lessee of a motor vehicle, any person to whom such motor vehicle is transferred during the

> duration of an express warranty applicable to such motor vehicle, and any other person entitled by the terms of such warranty to enforce the obligations of the warranty.

*Id.* § 55-24-201. If the manufacturer is unable to conform the vehicle to the express warranty after a reasonable number of attempts, and that nonconformity substantially impairs the vehicle, the manufacturer must either replace the vehicle or accept return of the vehicle and refund the purchase price to the consumer. *Id.* § 55-24-203(a).

Defendant argues that Plaintiff is precluded from proceeding under the Act because he sold the vehicle in question before he initiated the instant action. The Court can find no instance in which a Tennessee court has previously addressed this issue. Therefore, the Court must anticipate how the Tennessee Supreme Court would rule on this issue. *C & H Entm't, Inc. v. Jefferson County Fiscal Ct.*, 169 F.3d 1023, 1025 (6th Cir. 1999). In predicting how the Tennessee Supreme Court would decide the issue, this Court may consider "all available legal sources," including the "majority rule" among other states, particularly those states that share a similar doctrinal view. *Angelotta v. Am. Broadcasting Corp.*, 820 F.2d 806, 807 (6th Cir. 1987) (quoting *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985)).

Several courts which have addressed this issue have held that a party who purchases a vehicle and subsequently transfers possession of the vehicle, or title thereto, or both, cannot maintain a lemon law claim. *See Simons v. Mercedes-Benz of N. Am., Inc.*, No. CIV. A. 95-2705, 1996 WL 103796, at *3 (E.D. Pa. March 7, 1996) (holding that a plaintiff who traded-in his automobile could not maintain an action under the lemon law); *Berry v. Gen. Motors Corp.*, No. CIV. A. 87-3237, 1989 WL 86224, at *1 (E.D. Pa. July 28, 1989) (holding that a plaintiff whose car had been repossessed could

not recover under the lemon law); *Hull v. DaimlerChrysler Corp.*, 99 P.3d 1026, 1029 (Ariz. App. Div. 2, 2004) (holding that a plaintiff who sold his vehicle could not maintain an action under the lemon law); *Smyser v. W. Star Trucks Corp.*, 634 N.W.2d 134, 138-39 (Wis. Ct. App. 2001) (holding that a plaintiff who previously returned his vehicle to the dealer could not maintain an action under the lemon law); *Pfeiffer v. Ford Motor Co.*, 517 N.W.2d 76, 80 (Minn. Ct. App. 1994) (holding that a plaintiff who sold his vehicle could not maintain an action under the lemon law); *Mercedes-Benz of N. Am., Inc. v. Garten*, 618 A.2d 233, 241-42 (1993) (holding that a plaintiff who traded-in his vehicle could not maintain an action under the lemon law); *Smith v. Gen. Motors Acceptance Corp.*, 542 So.2d 831 (La .App. 3 Cir. 1989) (holding that a plaintiff whose vehicle had been repossessed could not recover under the lemon law).

A common rational for the holdings cited above is that the plaintiff who is no longer in possession of the faulty vehicle cannot comply with the remedial portion of the applicable lemon law, which provides for replacement or refund *in exchange for* the faulty vehicle. These courts reason that a plaintiff who no longer possesses the vehicle in question cannot maintain an action under the applicable lemon law. *See, e.g.*, *Hull*, 99 P.3d at 1029; *Smith*, 542 So.2d at 831; *Berry*, 1989 WL 86224, at *1; *cf. King v. King Motor Co. of Fort Lauderdale*, 780 So.2d 937, 941 (Fla. App. 4 Dist. 2001) (holding that a plaintiff could proceed under the lemon law, notwithstanding the fact that he no longer had possession of the vehicle, because the portion of the particular lemon law statute that provides for damages was applicable to "the situation presented in this case, where the consumer cannot take advantage of the refund/replacement option because he cannot furnish clear title to and possession of the motor vehicle.").

This reasoning is equally applicable to Tennessee's Motor Vehicle Warranty Act. The only remedies provided for in the Act are replacement or refund. Tenn. Code Ann. § 55-24-203(a); *cf. King*, 780 So.2d at 941. Both clearly contemplate an exchange of the defective vehicle. *See id.* Without the defective vehicle, either remedy is thwarted. Therefore, the Court holds that the Tennessee Supreme Court would not allow a plaintiff who purchased a defective vehicle, and who was subsequently divested of possession of that vehicle or its title before filing suit, to proceed under the Tennessee Motor Vehicle Warranty Act. Accordingly, Defendant's Motion for Summary Judgment will be **GRANTED**.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment [Court Doc. No. 11-1] is **GRANTED**. Plaintiff's claim under the Tennessee Motor Vehicle Warranty Act is **DISMISSED WITH PREJUDICE**. Left pending before the Court is Plaintiff's claim under the Magnuson-Moss Warranty Act.

In order to evaluate whether the Court has subject matter jurisdiction over this claim, the parties are **ORDERED** to submit evidence and briefing as to whether the instant action satisfies the amount in controversy requirement set forth in 15 U.S.C. § 2310(d)(3)(B) (expressly providing that federal jurisdiction is not proper "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit"). The parties shall submit these materials no later than **September 24, 2007**.

SO ORDERED this 28th day of August, 2007.

                                                */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE